[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated March 16, 1999, the plaintiff wife, Jane M. Marandino, commenced this action seeking a dissolution of marriage, custody, child support, alimony, property settlement and other relief. The defendant husband, Frank Marandino, appeared through counsel. Both parties appeared with their counsel on June 30, 2000, and presented testimony and exhibits. The court after the testimony and reviewing exhibits makes the following findings of fact.
The plaintiff/wife (whose maiden name was Jane M. Robinson) married the defendant/husband on August 29, 1981 in Manchester, Connecticut. She has resided continuously in the State of Connecticut for one year next proceeding the date of filing of her complaint. All statutory stays have expired. The parties have one minor child born to the plaintiff/wife since the date of the marriage, issue of the marriage: Kyle Marandino born December 13, 1986. No other minor child or children have been born to the plaintiff/wife since the date of the marriage. The court further CT Page 8621 finds that no state or municipal agency is contributing to the support of the parties nor their child.
The plaintiff/wife is a 36 year old high school graduate. She presently enjoys good health. Her prior job experience includes cashier work approximately 17 years ago. During the marriage she stayed at home to raise her children while her husband worked as the family bread winner. The plaintiff/wife has recently provided babysitting services for hire and has obtained a license as a day care provider with the State of Connecticut in March 1999. Her day care license provides for services for up to six children. The court further finds that the defendant's future income will be based on her day care business do to her financial inability to attain meaningful higher education.
The defendant/husband is 35 years old at the time of the dissolution trial. He has not completed high school. The defendant also enjoys good health and is gainfully employed on a full time basis. Since the inception of the marriage, the defendant has been employed in the electric lighting industry. Prior to the year 2000, the defendant worked in sales earning a draw and commission based upon the number of sales executed. Commencing calendar year 2000, the defendant moved from a commission sales position to the job title of "commercial writing specialist" for GE Supply, Inc. He is paid a salary of $1290/week as reflected on his financial affidavit. The defendant receives no commissions for any sales executed. The Court further finds that the defendant's present earnings reflect his future earning capacity due to his limited education and employment record in the electrical supply field.
At the commencement of the marriage of the parties, the defendant worked as the family's sole source of income. The plaintiff remained at home to raise the family's two children, Jason and Kyle, and to maintain and care for the homestead. The parties met their financial obligations with income received from the defendant deposited in to the family bank accounts for purposes of bill paying by the wife. The marriage continued uneventful until a couple of years ago when the defendant removed himself from the marital bedroom based upon wife's complaints of his snoring. The wife slept alone sometimes in the company of the family dog. The wife testified that the husband admitted that there was another woman at the time of their separation. The defendant denied a sexual relationship with any women prior to his separation from his wife. The court, after hearing the evidence of the parties, concludes that the marriage broke down irretrievably with no fault attributed to either party. The parties simply grew apart, became disinterested with each other affecting their quality of life. The issue of infidelity if it in fact occurred does not impact on the court's conclusion as to the cause of the breakdown of the CT Page 8622 marriage.
At trial, the parties spent a substantial amount of time bickering over the value of assets including unvested stock options (in the defendant's name) provided by his employer. The court finds that the stock options, although unvested, were obtained by the defendant as a result of his employment efforts during the marriage of the parties. The court divides said unvested stock options equally as hereinafter more fully set forth.
Substantial time was also spent as to the issue of the plaintiff's income earned and expenses incurred in the operation of her day care business. It is clear to the court that the plaintiff relied on information from third parties, i.e. her friends and attorney, in calculating her financial affidavit. The court finds that the expenses of the plaintiff as reflected on her financial affidavit for business purposes in the amount of $167.39 must be reduced by the sum of $75.00 as a result of her overstatement of food and snack expenses for the children attending daycare. The court further finds her net weekly income from her business operation based on records submitted and testimony of the plaintiff, is $445.43, exclusive of child support and alimony. The plaintiff's recollection of her business income expenses was cloudy at best. The court also finds that by stipulation of the parties, the plaintiff can and will obtain health insurance through the Chamber of Commerce and not through Cobra as required through federal law.
The court has considered all of the statutory factors concerning custody and visitation as set out in Connecticut General Statutes Sections 46b-56, 46b-56a, and 46b-59. The court has also considered all of the factors in Connecticut General Statutes Sections 46b-81, 46b-82, and 46b-62, and other pertinent statutes, tax implications, earnings and earning capacity differential and causes for the breakdown of the marriage and consequences of the financial award set forth below. A judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
1. CUSTODY OF THE MINOR CHILD.
The parties shall share joint legal custody of the minor child, Kyle Marandino. Primary residence of said child shall be with the plaintiff/mother subject to reasonable rights of visitation to the defendant/father.
2. CHILD SUPPORT
The defendant shall pay to the plaintiff the sum of $170/week for child support. Said child support is found to conform with the child support CT Page 8623 guidelines.
3. CHILD'S HEALTH INSURANCE.
The defendant shall supply health insurance as available through his place of employment for the benefit of the minor child. The plaintiff shall pay the first $100 of unreimbursed and uncovered health care expenses for the minor child per annum. Thereafter, the plaintiff shall pay forty percent and the defendant shall pay sixty percent of all unreimbursed and uncovered health care expenses for the minor child.
4. DEBTS.
Each party shall pay their own debts listed on their financial affidavits dated June 30, 2000 and hold the other parties harmless and indemnify and hold the other on any liability thereon.
5. BANK ACCOUNTS.
Each party shall have all right, title and interest in and to the bank accounts listed on their financial affidavits dated June 30, 2000.
6. MOTOR VEHICLES.
The plaintiff shall have all right, title, and interest in and to the 1997 Ford Taurus automobile listed on her financial affidavit dated June 30, 2000. She shall pay and hold the defendant harmless from any liability on the loan on said automobile.
7. ALIMONY.
The defendant shall pay to the plaintiff the sum of $100/week as periodic alimony, for a period of nine years from the date of this judgment. Said alimony is non-modifiable as to term and amount subject to earlier termination upon the first of the occurrence of the following events:
1. Death of either party;
2. Remarriage of the plaintiff;
3. Co-habitation by the plaintiff as provided in Connecticut General Statutes 46b-86.
8. LIFE INSURANCE.
CT Page 8624
The defendant shall maintain his existing life insurance at his place of employment listing the wife as irrevocable beneficiary of $50,000 of the death benefits and further listing the minor child, Kyle Marandino, as irrevocable beneficiary of the remainder of said life insurance death benefits. Said policy has total death benefits of $225,000, as stated on the defendant's financial affidavit dated June 30, 2000. Said obligation to list the plaintiff and/or minor child as irrevocable beneficiaries shall terminate once the defendant's obligation to pay alimony and/or child support terminate pursuant to the terms of this judgment. The father will further list the mother as trustee for the death benefits required under the provisions of this judgment for the minor child, Kyle.
9. HEALTH INSURANCE.
The plaintiff shall be solely responsible to pay all health insurance premiums through the Chamber of Commerce.
10. UNVESTED STOCK OPTIONS.
The court hereby orders that the plaintiff and defendant shall divide equally any net payment after deductions for State and Federal income taxes received from the sale of stock represented presently as unvested stock option on the defendants financial affidavit dated June 30, 2000. The defendant will advise the plaintiff as to the date or dates on when said options can be exercised. The parties will consult and agree as to the exercise of said options and sale of said stock. If the parties cannot agree, they shall return to court for the court to determine the terms and conditions of the exercise of the options and/or sale of said stock. The court will retain continuing jurisdiction concerning the exercise of said stock options and/or the sale of said stock acquired from the exercise of said options.
11. MARITAL RESIDENCE.
The defendant shall Quit Claim all right, title and interest in and to the marital residence located at 5 Grant Road, Manchester, Connecticut, to the plaintiff. The plaintiff shall pay and hold the defendant harmless from any liability on the mortgage, taxes, and insurance on said home.
12. PERSONAL PROPERTY.
The plaintiff shall have all right, title, and interest in and to the personal property located at the marital residence. The defendant shall have all right, title, and interest in and to the personal property presently in his possession and/or located at his apartment. CT Page 8625
13. 401K PLAN.
The parties shall divide equally the value of the 401K Plan as of the day of this judgment. Said division shall be effectuated by a Qualified Domestic Relations Order. The parties are ordered to execute any and all documents necessary to effectuate this order. The court will retain continuing jurisdiction to carry out the provisions of this paragraph.
14. COUNSEL FEES.
Each party shall pay their own counsel fees.
15. PENSION.
Defendant shall retain all right, title, and interest in and to his G.E. pension benefits listed on his financial affidavit dated June 30, 2000.
16. TAX EXEMPTION
Defendant is hereby ordered to take the minor child as an exemption for federal and state tax purposes so long as the defendant is current in his obligation to pay child support.
James J. Devine, J.